**Andrew LEYVA, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 11–71648.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 21, 2012.

Andrew Leyva, Tucson, AZ, pro se.

John A. Dicicco, Acting Assistant Attorney General, John A. Nolet, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, Tamara W. Ashford, Deputy Assistant Attorney General, Kenneth Greene, Esquire, Supervisory, U.S. Department of Justice, William J. Wilkins, Chief Counsel, Internal Revenue Service, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Washington, DC, for Respondent–Appellee.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Andrew Leyva appeals pro se from the Tax Court's decision, following a bench trial, upholding the Commissioner of Internal Revenue's ("CIR") determination of a deficiency and additions for tax year 2006 and imposing a sanction for making frivolous arguments. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions, and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir.2008). We review for an abuse of discretion the Tax Court's imposition of a penalty under 26 U.S.C. § 6673. *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir. 1986) (per curiam). We affirm.

The Tax Court properly upheld the CIR's determination of a tax deficiency and additions to tax over Leyva's contentions that no law requires him to pay the income tax imposed by the CIR, and that, because he filed a Form 1040 reporting zero income, the CIR is prohibited from collecting any income taxes from him. *See, e.g., Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir.1988) (rejecting similar contentions).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Tax Court did not abuse its discretion by imposing a § 6673 sanction against Leyva for taking frivolous positions after warning Leyva that such conduct could lead to sanctions. *See Grimes,* 806 F.2d at 1454.

The CIR's motion for sanctions is denied.

Leyva's motion for a stay pending resolution of this appeal is denied as moot.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.